STATE OF WEST VIRGINIA

FILED

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DENISE O'CONNOR,**
**Claimant Below, Petitioner**

**vs.)  No. 15-1127**  (BOR Appeal No. 2050445)
(Claim No. 2014015546)

**ST. MARY'S MEDICAL CENTER**
**HOME HEALTH SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Denise O'Connor, by Edwin Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. St. Mary's Medical Center Home Health Services, LLC, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 27, 2015, in which the Board affirmed an April 10, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 17, 2014, decision closing Ms. O'Connor's claim for temporary total disability benefits. Additionally, the Office of Judges affirmed the claims administrator's November 21, 2014, decision denying a request to add cervical dystonia, cervical radiculopathy, and cervical headaches as additional compensable components of Ms. O'Connor's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. O'Connor was injured on November 1, 2013, while assisting a patient during the course of her employment as a registered nurse.[1] Diagnostic imaging performed shortly after the injury revealed a mild tear of the supraspinatus tendon in the left shoulder, evidence of a prior C3-4 fusion, osteoarthritis contributing to foraminal stenosis at C4-5 and C5-6, and a disc bulge at C5-6.[2] On May 23, 2014, Ms. O'Connor sought treatment in the emergency department of Cabell Huntington Hospital amid complaints of weakness and numbness in her legs. Treatment notes from the Cabell Huntington emergency department indicate that Ms. O'Connor has experienced difficulty with weakness and muscle spasms following a C3-4 decompression performed in 2009. It was further noted that she has range of motion limitations in the cervical spine which have been present for an extended period of time. Additionally, a cervical spine MRI was performed and revealed degenerative disc disease, primarily at C4-5.

Following a successful manipulation of her left shoulder under anesthesia, Ms. O'Connor was released to return to work beginning on June 23, 2014, by Charles Giangarra, M.D., her orthopedic surgeon. Subsequently, Ms. O'Connor sought treatment with Paul Ferguson, M.D., who noted on July 18, 2014, that Ms. O'Connor was complaining of neck pain, headaches, and limb pain. Dr. Ferguson noted that Ms. O'Connor reported that she has been experiencing neck pain, headaches, and left upper extremity pain for an extended amount of time, but noticed an increase in her symptoms following the C3-4 fusion performed in 2009. He also noted the presence of disc disease at C4-5 and opined that she suffers from cervical dystonia, which he further opined is likely the cause of her current symptoms.

On September 17, 2014, the claims administrator closed Ms. O'Connor's claim on a temporary total disability basis based upon its finding that she was released to return to work by Dr. Giangarra in June of 2014. On November 6, 2014, Dr. Ferguson completed a diagnosis update request in which he listed her diagnoses as cervical dystonia, cervicogenic headaches, and cervical radiculopathy.[3] Dr. Ferguson opined that the November 1, 2013, injury resulted in a bulging cervical disc, which precipitated the development of cervical dystonia and radiculopathy with associated limb pain, weakness, and numbness. On November 21, 2014, the claims administrator denied Dr. Ferguson's request to add cervical dystonia, cervical radiculopathy, and cervical headaches as compensable diagnoses. Following the claims administrator's decisions, Ms. O'Connor was deposed on January 22, 2015. She testified that following the injury, she returned to work on June 17, 2014, but was unable to continue working as a result of severe neck pain.

---

[1] An Order holding the claim compensable was not introduced into evidence. However, it appears from a reading of the record that the only compensable injuries were injuries to Ms. O'Connor's left shoulder.

[2] Diagnostic imaging performed in 2009 also revealed the presence of a disc bulge at C5-6.

[3] In the margin of the diagnosis update request form, a handwritten note indicates that the primary diagnosis is a disc bulge. However, the claims administrator did not enter a finding regarding the compensability of this diagnosis and Ms. O'Connor did not raise the issue of the compensability of a disc bulge on appeal.

The Office of Judges affirmed the September 17, 2014, and November 21, 2014, claims administrator's decisions. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated October 27, 2015. On appeal, Ms. O'Connor asserts that the evidence of record demonstrates that she injured her cervical spine on November 1, 2013, and is therefore entitled to the addition of cervical dystonia, cervical radiculopathy, and cervical headaches as compensable components of her claim. Additionally, she asserts that the evidence of record demonstrates that she is entitled to additional temporary total disability benefits.

Regarding the request to add cervical radiculopathy and cervical headaches as compensable components of Ms. O'Connor's claim, the Office of Judges found that the evidence of record demonstrates that Ms. O'Connor suffered from significant cervical spine impairments prior to the November 1, 2013, injury. Specifically, the Office of Judges noted that Ms. O'Connor underwent a prior C3-4 fusion, and also complained of cervical headaches and radiculopathy prior to the November 1, 2013, injury. Further, the Office of Judges found that Dr. Ferguson, Ms. O'Connor's treating physician who requested the addition of the diagnoses at issue as compensable components of the claim, did not address her known pre-existing cervical spine impairments when making his request. Regarding the diagnosis of cervical dystonia, the Office of Judges noted that Dr. Ferguson opined that Ms. O'Connor developed cervical dystonia following a cervical disc bulge caused by the compensable injury. However, the Office of Judges further noted that diagnostic imaging obtained shortly after the injury did not reveal any new disc herniations when compared with diagnostic imaging obtained prior to the injury.

Regarding the closure of the claim on a temporary total disability basis, the Office of Judges looked to West Virginia Code § 23-4-7a (2005), which provides that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. The Office of Judges then found that Ms. O'Connor's own testimony demonstrates that she was unable to continue working solely as a result of cervical spine impairments. The Office of Judges further found that she testified that she was released to return to work with respect to the compensable shoulder injury. Further, the Office of Judges noted that Mr. O'Connor has failed to demonstrate that the diagnoses related to the cervical spine should be added as compensable components of the claim. The Office of Judges therefore concluded that Ms. O'Connor has not demonstrated that she is unable to return to work as the result of a compensable injury. Moreover, pursuant to West Virginia Code § 23-4-7a, Ms. O'Connor is ineligible for additional temporary total disability benefits because she has been released to return to work, and did return to work, with respect to the compensable shoulder injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II